UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
DAVID JACOME,                                              :
                                                           :   **REPORT AND**
                Plaintiff,              :   **RECOMMENDATION**
                                                           :
      -against-                                     :   20-CV-2615 (DG) (PK)
                                                           :
OPTICAL 49, INC.,                                          :
HATZLUCHE OPTICS INC., and                                 :
DOV HOFFMAN,                                               :
                                                           :
                Defendants.             :
-------------------------------------------------------------- x

**Peggy Kuo, United States Magistrate Judge:**

      Before the Court is Plaintiff David Jacome's Motion for Attorneys' Fees. ("Motion," Dkt. 26.) On August 4, 2021, default judgment was entered in favor of Plaintiff against Optical 49, Inc. ("Optical 49"), Hatzluche Optics, Inc. ("Hatzluche," and collectively with Optical 49, the "Corporate Defendants"), and Dov Hoffman ("Hoffman," and collectively with the Corporate Defendants, "Defendants") for violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). (Dkts. 24, 25.) Plaintiff was granted leave to file a motion for attorneys' fees and costs. (Dkts. 24, 25.)

      On August 16, 2021, Plaintiff filed the Motion. Defendants have not opposed or otherwise responded to the Motion. The Honorable Diane Gujarati referred the Motion to the undersigned for a report and recommendation. (Order dated August 18, 2021.) For the reasons stated herein, the undersigned respectfully recommends that the Motion be GRANTED in part and DENIED in part.

## DISCUSSION

      As the prevailing party, Plaintiff is entitled to recover reasonable attorneys' fees and costs under both the FLSA and the NYLL. *See* 29 U.S.C. § 216(b); NYLL § 663(1). Plaintiff requests $4,280.00 in fees and $734.70 in costs. (Motion at 1.)

### A.  Attorneys' Fees

District courts have broad discretion to determine the amount of attorneys' fees awarded, and the party requesting fees must submit documentation to support its request. *Mahoney v. Amekk Corp.*, No. 14-CV-4131 (ENV)(VMS), 2016 WL 6585810, at *18 (E.D.N.Y. Sept. 30, 2016), *R&R adopted*, 2016 WL 6601445 (E.D.N.Y. Nov. 7, 2016). Courts must "us[e] their experience with the case, as well as their experience with the practice of law, to assess the reasonableness of each component of a fee award." *Century 21 Real Estate LLC v. Bercosa Corp.*, 666 F. Supp. 2d 274, 298 (E.D.N.Y. 2009) (internal quotation marks and citation omitted).

"[T]he lodestar method—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a 'presumptively reasonable fee.'" *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n. v. Cty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008)). Courts determine what constitutes a reasonable hourly rate through application of "the forum rule," which states that "courts should generally use the hourly rates employed in the district in which the reviewing court sits." *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (internal quotation marks and citations omitted). "If the Court finds that some of the time [the attorney billed] was not reasonably necessary[,] it should reduce the time for which compensation is awarded accordingly." *Mister Softee, Inc. v. Konstantakakos*, No. 15-CV-4770 (SJ)(SMG), 2016 WL 11445964, at *6 (E.D.N.Y. June 27, 2016), *R&R adopted*, 2016 WL 4250314 (E.D.N.Y. Aug. 11, 2016) (internal quotation marks and citation omitted). "Where time entries are vague, duplicative, or otherwise inadequate, a court may make 'an across-the-board reduction or percentage cut, in the amount of hours.'" *Id.* (quoting *T.S. Haulers, Inc. v. Cardinale*, No. 9-CV-451 (SJF)(ARL), 2011 WL 344759, at *3 (E.D.N.Y. Jan. 31, 2011)). "Inadequate documentation" is another "ground[ ] for reduction of a fee award." *Bercosa Corp.*, 666 F. Supp. 2d at 299.

1.   *Hourly Rate*

Plaintiff seeks $400 per hour for Attorney Lawrence Spasojevich. ("Mem. of Law," Dkt. 26-1, at 8; Declaration of Lawrence Spasojevich, "Spasojevich Decl.," Dkt. 26-2, ¶ 14.) Spasojevich is Of Counsel to Aidala, Bertuna & Kamins, P.C. ("ABK"). (Spasojevich Decl. ¶ 1.) He graduated from University of San Diego School of Law in 2009 and was admitted to the New York State Bar in 2011. (*Id.* ¶ 9.) Following his admission to the New York Bar, his practice at several law firms "focused on litigation." (*Id.* ¶ 10.) For approximately 1.5 years, he served as "Assistant General Counsel, Level III" at the Office of the Mayor, Office of Labor Relations for the City of New York. (*Id.*) In 2018, he joined a law firm where his practice "concentrated on wage and hour matters." (*Id.*) Since joining ABK in 2019, he has "filed or resolved over one hundred (100) individual, collective, or class actions under the [FLSA] and [NYLL]." (*Id.* ¶ 11.) He typically charges $500 per hour for hourly work, but has reduced his rate to $400 for work on this matter. (*Id.* ¶¶ 13-14.)

At the time of his work on this case between May 19, 2020 and August 13, 2021 (*see* Time Records, Ex. 3 to Spasojevich Decl., Dkt. 26-5, at 1-3), Spasojevich had been practicing law approximately nine to ten years, with approximately five years of labor and employment law experience (*see* Spasojevich Decl. ¶¶ 9-11).

Some courts in this district have held that the appropriate range for a senior attorney in a labor law case is $300 to $400 per hour, while others have found that $450 is the proper upper limit of the range. *See Jin v. Shanghai Original, Inc.*, No. 16-CV-5633 (ARR)(JO), 2020 WL 4783399, at *5 (E.D.N.Y. Aug. 18, 2020); *see also Martinez v. New 168 Supermarket LLC*, No. 19-CV-4526 (CBA)(SMG), 2020 WL 5260579, at *8 (E.D.N.Y. Aug. 19, 2020), *R&R adopted*, 2020 WL 5259056 (E.D.N.Y. Sept. 3, 2020) (citing recent fee awards in FLSA cases of "$300 to $450 for partners, $200 to $325 for senior associates").

While Plaintiff's counsel's performance in this case has been laudable – at the Inquest hearing, he made a thorough presentation of the factual basis for default judgment and responded effectively to the undersigned's questions regarding the legal basis for coverage under the FLSA (*see generally* Transcript of April 15, 2021 Inquest, Dkt. 21) – in this District, hourly rates of $400 or more are generally reserved for attorneys with extensive experience litigating wage and hour claims. *See, e.g.*, *Lopez v. Ki Moon Rest. Corp.*, No. 17-CV-6078 (LDH)(RLM), 2021 WL 681710, at *2-3 (E.D.N.Y. Jan. 28, 2021), *R&R adopted*, 2021 WL 681382 (E.D.N.Y. Feb. 22, 2021) (collecting cases and awarding $400 rate to founding partner of wage and hour litigation-focused firm who had 30 years' experience, including more than 350 wage and hour cases); *Brummell v. K1 HVAC Inc.*, No. 19-CV-5488 (FB)(RML), 2021 WL 3888138, at *8 (E.D.N.Y. Aug. 13, 2021), *R&R adopted*, 2021 WL 3884194 (E.D.N.Y. Aug. 31, 2021) (collecting cases and awarding $400 rate to name partner with 17 years' employment law experience). A court in this District recently awarded a $400 hourly rate to an attorney in an "of counsel" position, but that attorney had more than 10 years' employment litigation experience. *See Atsas v. Law Office of Alex Antzoulatos*, No. 20-CV-3838 (MKB)(CLP), 2021 WL 4755703, at *12 (E.D.N.Y. Aug. 10, 2021), *R&R adopted*, 2021 WL 3928951 (E.D.N.Y. Sept. 2, 2021).

Plaintiff's counsel cites several cases in which courts have "repeatedly approved settlements where [counsel has] calculated the *lodestar* rate at $400.00 an hour." (Spasojevich Decl. ¶ 12 (emphasis in original).) However, calculation of a "reasonable" fee using the lodestar method, in reviewing settlements under *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015), is merely one component in assessing the "ultimate question," which is "whether the proposed settlement reflects a fair and 'reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quoting *Mosquera v. Masada Auto Sales, Ltd.*, No. 09-CV-4925 (NGG), 2011 WL

4

282327, at *1 (E.D.N.Y. Jan. 25, 2011)). It does not constitute an actual award of fees based on precise calculations.

A court in this District recently awarded Spasojevich a $300 hourly rate where "no discovery and no motion practice – other than the current motion for default judgment – had to be undertaken," as was the case here. *Harris v. Best Companion Homecare Servs., Inc.*, No. 18-CV-5328 (RRM)(AKT), 2019 WL 4738821, at *8-9 (E.D.N.Y. Aug. 26, 2019), *R&R adopted*, 2019 WL 4737056 (E.D.N.Y. Sept. 27, 2019). At that time, Spasojevich had "close to eight years" of experience and was an associate at the Law Offices of James F. Sullivan, *id.*, "where seventy percent (70%) of [his] case load concentrated on wage and hour matters" (Spasojevich Decl. ¶ 10). Since 2019, Spasojevich has been Of Counsel to ABK, and by the time the Motion was filed on August 16, 2021, Spasojevich had "developed a plaintiff's side employment practice" with additional extensive experience devoted to this area of law. (*Id.* ¶ 11.)

Accordingly, the undersigned finds that the reasonable rate for Spasojevich is $325.

### 2. *Reasonableness of Time Billed*

Plaintiff's counsel submitted time records showing 10.7 hours of billable work for this matter. The undersigned has reviewed the records and finds that they are reasonable and show restraint. For example, Plaintiff's counsel only billed 1.1 hours to prepare for the Inquest and 0.8 hours for the Inquest itself. (Ex. 3 to Spasojevich Decl., Dkt. 26-5, at 2.) Only 0.5 hours were expended preparing the Motion. (*Id.* at 3.)

Accordingly, the undersigned respectfully recommends that Plaintiff be granted $3,477.50 in attorneys' fees.

### B. Costs

Plaintiff seeks $734.70 in costs, including $400.00 for the filing fee and $334.70 for service of process. The undersigned takes judicial notice of the filing fee. *See Joe Hand Promotions, Inc. v. Bernal*,

No. 18-CV-85 (ILG)(SJB), 2019 WL 885930, at *6 (E.D.N.Y. Feb. 22, 2019) (awarding plaintiff the $400 filing fee after taking judicial notice of it).

Plaintiff's counsel submitted invoices for the costs of service. (Ex. 4 to Spasojevich Decl., Dkt. 26-6.) The invoice for service on Defendant Hoffman shows a charge of $75.00 for "Service of Individual" on October 22, 2020 and $3.00 for postage, but there is also a charge of $65.00 for "Service Non Serve – Attempt to Serve Hooper Street." (*Id.* at 1.) The Summons for Defendant Hoffman contains an address of "49 Lee Avenue, Brooklyn, New York, 11211." (Dkt. 11.) The Affidavit of Service for Defendant Hoffman shows that he was served at that address, by personal service upon "Co-Worker" Harry Libeman and by first-class mail. (*See* Dkt. 14.) There is no explanation for why service was attempted for or at "Hooper Street." Therefore, this charge is not a proper cost. The invoices for service on the Corporate Defendants via the New York Secretary of State are proper. (Dkt. 26-6 at 2-3.)

Accordingly, the undersigned respectfully recommends that Plaintiff be awarded $669.70 in costs.

## CONCLUSION

Based on the foregoing, the undersigned respectfully recommends that the Motion be GRANTED in part and DENIED in part, and that Plaintiff be awarded $3,477.50 in fees and $669.70 in costs.

Any written objections to this Report and Recommendation must be filed within 14 days of service of this report. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file objections within the specified time waives the right to appeal any order or judgment entered based on this Report and Recommendation. *Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008).

Plaintiff is directed to serve a copy of this Report and Recommendation on Defendants and file proof of service on the docket by March 16, 2022.

**SO ORDERED:**

*Peggy Kuo*
PEGGY KUO
United States Magistrate Judge

Dated:   March 15, 2022
         Brooklyn, New York